IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LARRY LEROY EADES, #357231 *
        Petitioner,
     v.                               *    CIVIL ACTION NO. RWT-13-2596

M.P.C. DAVID R. BLUMBERG *
        Respondent.
                                    *****

**MEMORANDUM OPINION AND ORDER**

On September 11, 2013, this Court received a Petition for habeas corpus relief from Larry Leroy Eades ("Eades"), an inmate confined at the Maryland Reception Diagnostic & Classification Center ("MRDCC") in Baltimore, Maryland, who claims that he has been held since April 5, 2013, past the allowable sixty days permitted for him to be held without a parole revocation hearing. (ECF No. 1). He asks to be released from custody.

On October 29, 2013, Respondent Blumberg filed a Response seeking dismissal of the Petition without prejudice for the failure to exhaust state remedies.[1] (ECF No. 3). Eades has not filed a formal reply.

A habeas corpus petition, with its concomitant requirement of the exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-490, 500 (1973) (sole federal remedy for state prisoner challenging fact or duration of imprisonment is habeas corpus). Eades does not contend that a state remedy is unavailable for his claims and a review of the cause of action and exhibits reveals that he has not exhausted these remedies. Therefore, this action must be dismissed

---

[1] Respondent also asserts that Eades' parole revocation hearing was scheduled for November 1, 2013.

for the failure to exhaust available state court remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973).

An inmate claiming an entitlement to an immediate release can also seek relief directly from the state courts by:

1. Filing a petition for writ of habeas corpus in a Circuit Court;

2. Appealing a decision by the Circuit Court to the Court of Special Appeals;[2] and

3. Seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.

Eades has not exhausted and complied with these procedures and it is, therefore, this 4th day of December, 2013, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. This 28 U.S.C. § 2241 Petition for habeas corpus relief IS DISMISSED WITHOUT PREJUDICE for the failure to exhaust available state court remedies;

2. The Clerk SHALL CLOSE this case; and

3. The Clerk SHALL TRANSMIT a copy of this Order and the Memorandum Opinion to all parties.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

---

[2] Although at one time this Court interpreted Maryland law as not permitting appeal of a Circuit Court decision denying habeas corpus relief except in very limited circumstances, *see Chavis v. Smith*, 834 F. Supp. 153, 158 (D. Md. 1993), later decisions by the Court of Appeals of Maryland have made it clear that there is a right of appeal in cases where state habeas corpus relief has been sought challenging the calculation of sentences and/or diminution credits. *See Frost v. State*, 336 Md. 125, 132 n.5 (1994); *Merritt v. Corcoran*, 105 Md. App. 109, 111 (1995).